UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAPITOL RECORDS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; WARNER BROS. RECORDS INC., a Delaware corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; INTERSCOPE RECORDS, a California general partnership; UMG RECORDINGS, INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; and BMG MUSIC, a New York general partnership,<br><br>Plaintiffs,<br><br>v.<br><br>DOES 1 - 2,<br><br>Defendants. | CIVIL ACTION No.<br><br>05-10565 NG<br><br>MAGISTRATE JUDGE RBC<br><br>RECEIPT #<br>AMOUNT $250<br>SUMMONS ISSUED yes<br>LOCAL RULE 4.1<br>WAIVER FORM<br>MCF ISSUED<br>BY DPTY. CLK. TOM<br>DATE 3/24/05 |

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiffs assert the following claims against Defendants.

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

2. This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and/or 28 U.S.C. § 1400(a). Although the true identity of each Defendant is unknown to Plaintiffs at this time, on information and belief, each Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District. On information and belief, personal jurisdiction in this District is proper because each Defendant, without consent or permission of the copyright owner, disseminated over the Internet copyrighted works owned and/or controlled by the Plaintiffs. On information and belief, such illegal dissemination occurred in every jurisdiction in the United States, including this one. In addition, each Defendant uses an online service provider found in this District to access the Internet, which facilitated Defendants' infringing activities.

## PARTIES

4. Plaintiff Capitol Records, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

5. Plaintiff Sony BMG Music Entertainment is a Delaware general partnership, with its principal place of business in the State of New York.

6. Plaintiff Warner Bros. Records Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

7. Plaintiff Atlantic Recording Corporation is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

8. Plaintiff Virgin Records America, Inc. is a corporation duly organized and existing under the laws of the State of California, with its principal place of business in the State of New York.

9. Plaintiff Interscope Records is a California general partnership, with its principal place of business in the State of California.

10. Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

11. Plaintiff Arista Records LLC is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

12. Plaintiff BMG Music is a general partnership duly organized and existing under the laws of the State of New York, with its principal place of business in the State of New York.

13. The true names and capacities of the Defendants are unknown to Plaintiffs at this time. Each Defendant is known to Plaintiffs only by the Internet Protocol ("IP") address

assigned to that Defendant by his or her online service provider on the date and time at which the infringing activity of each Defendant was observed. See Exhibit A. Plaintiffs believe that information obtained in discovery will lead to the identification of each Defendant's true name.

## COUNT I

## INFRINGEMENT OF COPYRIGHTS

14. Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

15. Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright law with respect to certain copyrighted sound recordings, including, but not limited to, all of the copyrighted sound recordings on Exhibit A to this Complaint (collectively, these copyrighted sound recordings shall be identified as the "Copyrighted Recordings"). Each of the Copyrighted Recordings is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights to each Plaintiff as specified on each page of Exhibit A.

16. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public.

17. Plaintiffs are informed and believe that each Defendant, without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to

download, distribute to the public, and/or make available for distribution to others, certain of the Copyrighted Recordings. Exhibit A identifies on a Defendant-by-Defendant basis (one Defendant per page) a list of copyrighted recordings that each Defendant has, without the permission or consent of Plaintiffs, downloaded, distributed to the public, and/or made available for distribution to others. In doing so, each Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution. Each Defendant's actions constitute infringement of Plaintiffs' copyrights and/or exclusive rights under copyright. (In addition to the sound recordings listed for each Defendant on Exhibit A, Plaintiffs are informed and believe that each Defendant has, without the permission or consent of Plaintiffs, downloaded, distributed to the public, and/or made available for distribution to others additional sound recordings owned by or exclusively licensed to the Plaintiffs or Plaintiffs' affiliate record labels.)

18. Plaintiffs are informed and believe that the foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of Plaintiffs.

19. As a result of each Defendant's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) against each Defendant for each infringement by the Defendant of each copyrighted recording. Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

20. The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17

U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiffs' copyrights, and ordering that each Defendant destroy all copies of copyrighted sound recordings made in violation of Plaintiffs' exclusive rights.

WHEREFORE, Plaintiffs pray for judgment against each Defendant as follows:

1. For an injunction providing:

"Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (*i.e.*, download) any of Plaintiffs' Recordings, to distribute (*i.e.*, upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control."

2.  For statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. § 504.

3.  For Plaintiffs' costs in this action.

4.  For Plaintiffs' reasonable attorneys' fees incurred herein.

5.  For such other and further relief as the Court may deem just and proper.

CAPITOL RECORDS, INC.; SONY BMG MUSIC ENTERTAINMENT; WARNER BROS. RECORDS INC.; ATLANTIC RECORDING CORP.; VIRGIN RECORDS AMERICA, INC.; INTERSCOPE RECORDS; UMG RECORDINGS, INC.; ARISTA RECORDS LLC; and BMG MUSIC

By their attorneys,

DATED: 3.24.05

By: /s/ Gabriel M. Helmer
Colin J. Zick (BBO No. 556538)
Gabriel M. Helmer (BBO No. 652640)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600
Phone: (617) 832-1000
Fax:   (617) 832-7000

Of Counsel:
Yvette Molinaro
MITCHELL SILBERBERG & KNUPP LLP
11377 W. Olympic Blvd.
Los Angeles, CA 90064-1683
Phone: (310) 312-2000
Fax:   (310) 312-3100

7

**Exhibit A**

**Doe #1 (168.122.192.97 2005-02-01 20:47:57 (EST))**

| COPYRIGHT OWNER | ARTIST | RECORDING TITLE | ALBUM TITLE | SR# |
|---|---|---|---|---|
| Arista Records LLC | Outkast | Rosa Parks | Aquemini | 264-092 |
| Sony BMG Music Entertainment | Marvin Gaye | Sexual Healing | Midnight Love | 41-568 |
| Capitol Records, Inc. | Pink Floyd | Comfortably Numb | The Wall | 14-787 |
| Sony BMG Music Entertainment | Nas | Album Intro | It Was Written | 220-016 |
| Warner Bros. Records Inc. | Red Hot Chili Peppers | My Friends | One Hot Minute | 243-059 |
| Interscope Records | Dr. Dre | Ackrite | 2001 | 277-983 |
| Sony BMG Music Entertainment | Nas | Nastradamus | Nastradamus | 276-132 |
| UMG Recordings, Inc. | Redman | Da Goodness | Docs Da Name 2000 | 263-689 |

**Exhibit A**

# Doe #2 (168.122.252.124 2005-02-02 07:04:55 (EST))

| COPYRIGHT OWNER | ARTIST | RECORDING TITLE | ALBUM TITLE | SR# |
|---|---|---|---|---|
| Sony BMG Music Entertainment | George Michael | Freedom | Listen Without Prejudice, Vol. 1 | 133-600 |
| Atlantic Recording Corporation | Jewel | Jupiter | Spirit | 261-953 |
| Virgin Records America, Inc. | Ben Harper | Excuse Me Mr. | Fight For Your Mind | 210-135 |
| Interscope Records | Eve | Gotta Man | Let There Be Eve...Ruff Ryder's First Lady | 265-925 |
| Sony BMG Music Entertainment | Maxwell | Know These Things:Shouldn't You | Embrya | 263-940 |
| BMG Music | David Gray | My Oh My | White Ladder | 297-324 |
| BMG Music | Vertical Horizon | Everything You Want | Everything You Want | 277-868 |
| Virgin Records America, Inc. | Ben Harper | Please Me Like You Want To | Fight For Your Mind | 210-135 |
| Interscope Records | Enrique Iglesias | Be With You | Enrique | 214-257 |
| Arista Records LLC | TLC | I'm Good At Being Bad | Fanmail | 298-454 |

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _____

   **CAPITOL RECORDS v. DOES 1 - 2**

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.  160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   Capitol Records, et al. v. Alaujan, Lead Docket No. 03-CV-11661 NG

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

   YES ☐    NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)

   YES ☐    NO ☒

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES ☐    NO ☒

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?

   YES ☐    NO ☒

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   YES ☒    NO ☐

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

      EASTERN DIVISION ☒    CENTRAL DIVISION ☐    WESTERN DIVISION ☐

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

      EASTERN DIVISION ☐    CENTRAL DIVISION ☐    WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  COLIN J. ZICK (BBO No. 556538), GABRIEL M. HELMER (BBO No. 652640)
ADDRESS  FOLEY HOAG LLP, 155 Seaport Boulevard, Boston, MA 02210-2600
TELEPHONE NO. (617) 832-1000/fax (617) 832-7000

(Cover Sheet local.wpd-11/27/00)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

## ATTACHMENT A

This lawsuit is related to the following cases pending or closed within the past two (2) years in the United States District Court for the District of Massachusetts, Eastern Division:

Capitol Records, Inc., et al. v. Alaujan, Lead Docket No. 03-11661 NG

London-Sire Records Inc., et al. v. Does, Docket No. 04-12434 NG

Interscope Records, et al. v. Does, Docket No. 04-12435 NG

Maverick Recording Company, et al. v. Doe, Docket No. 04-12436 NG

Atlantic Recording Corp., et al. v. Does, Docket No. 04-12437 NG

Capitol Records, Inc., et al. v. Doe, Docket No. 04-12438 NG

Loud Records, LLC, et al. v. Does, Docket No. 04-12439 NG

BMG Music, et al. v. Does, Docket No. 05-10168 NG

Interscope Records, et al. v. Does, Docket No. 05-10160 NG

Motown Record Company, L.P., et al. v. Does, Docket No. 05-10159 NG

UMG Recordings, Inc., et al. v. Does, Docket No. 05-10169 NG

Virgin Records America, Inc., et al. v. Dubrock, Docket No. 05-10158 NG

This lawsuit is related to the following cases pending or closed within the past two (2) years in the United States District Court for the District of Massachusetts, Central Division:

Warner Bros. Records Inc., et al. v. Duteau, Docket No. 04-40165 FDS

Sony Music Entertainment Inc., et al. v. D'Mato, Docket No. 04-40166 FDS

Capitol Records, Inc, et al. v. Fitzpatrick, Docket No. 04-40168 FDS

Arista Records Inc., et al. v. Doe, Docket No. 04-40240 FDS

Maverick Recording Company, et al. v. Hagerty, Docket No. 04-40167 FDS

London-Sire Records Inc., et al. v. Totolos, Docket No. 05-40016 FDS

This lawsuit is also related to the following cases pending or closed within the past two (2) years in the United States District Court for the District of Massachusetts, Western Division:

<u>Motown Record Company, L.P., et al. v. Adams</u>, Docket No. 04-30134 MAP

<u>Arista Records Inc., et al. v. Skowyra</u>, Docket No. 04-30135 MAP

<u>Loud Records, LLC, et al. v. Thurston</u>, Docket No. 04-30136 MAP

<u>Arista Records Inc., et al. v. Aberdale</u>, Docket No. 04-30164 MAP

<u>Virgin Records America, Inc., et al. v. Doe</u>, Docket No. 04-30223 KPN

<u>Sony BMG Music Entertainment, et al. v. Doe</u>, Docket No. 04-30224 MAP

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
CAPITOL RECORDS, INC.; SONY BMG MUSIC ENTERTAINMENT; WARNER BROS. RECORDS INC.; ATLANTIC RECORDING CORP.; VIRGIN RECORDS AMERICA, INC.; INTERSCOPE RECORDS; UMG RECORDINGS, INC.; ARISTA RECORDS LLC; and BMG MUSIC

(b) County of Residence of First Listed Plaintiff **NEW YORK, NEW YORK**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
COLIN J. ZICK (BBO No. 556538)     Phone: (617) 832-1000
GABRIEL M. HELMER (BBO No. 652640)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210-2600

**DEFENDANTS**
DOES 1 - 2
County of Residence of First Listed Defendant
_____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an 'X' in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW 405(g) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities- Employment | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities- Other | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)
*17 U.S.C. § 501 et seq.*
Brief description of the cause: *copyright infringement*

**VII. REQUESTED IN COMPLAINT**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Statutory damages; injunction
CHECK YES only if demanded in complaint
JURY DEMAND:   ☐ Yes   ☒ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions)
SEE ATTACHMENT A
JUDGE _____ DOCKET NUMBER _____

DATE 3.24.05
SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT# _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

## ATTACHMENT A

This lawsuit is related to the following cases pending or closed within the past two (2) years in the United States District Court for the District of Massachusetts, Eastern Division:

Capitol Records, Inc., et al. v. Alaujan, Lead Docket No. 03-11661 NG

London-Sire Records Inc., et al. v. Does, Docket No. 04-12434 NG

Interscope Records, et al. v. Does, Docket No. 04-12435 NG

Maverick Recording Company, et al. v. Doe, Docket No. 04-12436 NG

Atlantic Recording Corp., et al. v. Does, Docket No. 04-12437 NG

Capitol Records, Inc., et al. v. Doe, Docket No. 04-12438 NG

Loud Records, LLC, et al. v. Does, Docket No. 04-12439 NG

BMG Music, et al. v. Does, Docket No. 05-10168 NG

Interscope Records, et al. v. Does, Docket No. 05-10160 NG

Motown Record Company, L.P., et al. v. Does, Docket No. 05-10159 NG

UMG Recordings, Inc., et al. v. Does, Docket No. 05-10169 NG

Virgin Records America, Inc., et al. v. Dubrock, Docket No. 05-10158 NG

This lawsuit is related to the following cases pending or closed within the past two (2) years in the United States District Court for the District of Massachusetts, Central Division:

Warner Bros. Records Inc., et al. v. Duteau, Docket No. 04-40165 FDS

Sony Music Entertainment Inc., et al. v. D'Mato, Docket No. 04-40166 FDS

Capitol Records, Inc, et al. v. Fitzpatrick, Docket No. 04-40168 FDS

Arista Records Inc., et al. v. Doe, Docket No. 04-40240 FDS

Maverick Recording Company, et al. v. Hagerty, Docket No. 04-40167 FDS

London-Sire Records Inc., et al. v. Totolos, Docket No. 05-40016 FDS

      This lawsuit is also related to the following cases pending or closed within the past two (2) years in the United States District Court for the District of Massachusetts, Western Division:

<u>Motown Record Company, L.P., et al. v. Adams</u>, Docket No. 04-30134 MAP

<u>Arista Records Inc., et al. v. Skowyra</u>, Docket No. 04-30135 MAP

<u>Loud Records, LLC, et al. v. Thurston</u>, Docket No. 04-30136 MAP

<u>Arista Records Inc., et al. v. Aberdale</u>, Docket No. 04-30164 MAP

<u>Virgin Records America, Inc., et al. v. Doe</u>, Docket No. 04-30223 KPN

<u>Sony BMG Music Entertainment, et al. v. Doe</u>, Docket No. 04-30224 MAP